A CERTIFIED TRUE COPY

AUG 20 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 20 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BRIMONIDINE PATENT LITIGATION
    Allergan, Inc. v. Exela Pharmsci, Inc., et al., )
        C.D. California, C.A. No. 2:07-1967 )  MDL No. 1866
    Allergan, Inc. v. Apotex, Inc., et al., )
        D. Delaware, C.A. No. 1:07-278 GMS )

FILED
AUG 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## TRANSFER ORDER

**Before the entire Panel**[*]: Common plaintiff Allergan, Inc., has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of two actions pending in the Central District of California and the District of Delaware, respectively. Responding defendants[1] oppose centralization.

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve common factual allegations concerning validity and enforceability of five of plaintiff's patents used in making drugs for the treatment of glaucoma. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

Defendants base a significant part of their opposition to centralization on their concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. Transfer under Section 1407 will have the salutary effect of assigning the present actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. Indeed, actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407. *See, e.g., In re Metoprolol Succinate Patent Litigation*, 329 F.Supp.2d 1368 (J.P.M.L. 2004) (ordering transfer

---

    [*] Judge Scirica took no part in the disposition of this matter.

    [1] Exela Pharmsci, Inc., Exela Pharm Sci Pvt., Ltd., Paddock Laboratories, Inc., PharmaForce, Inc., Apotex, Inc., and Apotex Corp.

- 2 -

under Section 1407 of two actions in which the patentholder alleged infringement of two complex pharmaceutical patents).

We conclude that the District of Delaware is an appropriate transferee forum in this docket. An earlier action involving this same plaintiff and two of the same five patents was brought in that district in 2004. That action, which was overseen by the Honorable Gregory M. Sleet, was actively litigated and remained pending until early 2006, when a settlement was reached on the eve of trial.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the one action pending in the Central District of California is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica*



# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 1866 - IN RE Brimonidine Patent Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
 * Signifies that an appearance was made on behalf of the party by the representing attorney.
 # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
 All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
 Docket: 1866 - Brimonidine PAT
 For Open Cases

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1866 - IN RE Brimonidine Patent Litigation
Status: Transferred on 08/20/2007
Transferee District: DE    Judge: Sleet, Gregory M.

Printed on 08/20/2007

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Brooks, Juanita R.<br>Fish & Richardson, P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | => Phone: (858) 678-5070  Fax: (858) 678-5099<br>Allergan, Inc.* |
| Kawula, Jr, Walter J.<br>Welsh & Katz, Ltd.<br>120 South Riverside Plaza<br>22nd Floor<br>Chicago, IL 60606 | => Phone: (312) 655-1500  Fax: (312) 655-1501<br>Apotex Corp.*; Apotex, Inc.* |
| White, Barry S.<br>Frommer, Lawrence & Haug, L.L.P.<br>745 Fifth Avenue<br>New York, NY 10151 | => Phone: (212) 588-0800  Fax: (212) 588-0500<br>Exela Pharmsci Pvt., Ltd.*; Exela Pharmsci, Inc.*; Paddock Laboratories, Inc.*; PharmaForce, Inc.* |

Note: Please refer to the report title page for complete report scope and key.