UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | |
| | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | Telephone: [202] 502-2800<br>Fax:           [202] 502-2888<br>http://www.jpml.uscourts.gov |

August 20, 2007

Honorable Gregory M. Sleet
Chief Judge, U.S. District Court
4324 J. Caleb Boggs Federal Building
844 North King Street
Lockbox 19
Wilmington, DE 19801-3519

FILED
AUG 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re: MDL-1866 -- IN RE Brimonidine Patent Litigation

*Allergan, Inc. v. Exela Pharmsci, Inc., et al.*, C.D. California, C.A. No. 2:07-1967
*Allergan, Inc. v. Apotex, Inc., et al.*, D. Delaware, C.A. No. 1:07-278  GMS

Dear Judge Sleet:

Enclosed is a copy of a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407. The materials referenced in today's letter are enclosed for your convenience.

As you may know, all multidistrict litigation statistics are maintained by this office and submitted to the Administrative Office for inclusion in the Annual Report of the Director. Consequently, once yearly we will verify with your Clerk the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. A copy of our inquiry to your Clerk will be directed to you for your information.

We have a Citrix remote access server for use by transferee courts in accessing our database for information regarding assigned multidistrict litigation. The server can be accessed by you if you have a Windows based personal computer with DCN access. Our database contains transferor and transferee information for each action transferred by the Panel and actions filed in your district. Counsel identified in the database are those who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. Also, each individual action is tracked from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc. If you are interested in utilizing the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

Your attention is directed to Rule 7.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel. Specifically, the rule states, in part, the following:

> (a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....
>
> (b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....
>
> (c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

Please be sure the Panel receives copies of pertinent orders filed by you in this litigation. Also, if you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

> If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Please feel free to contact this office if we may be of assistance to you.

Very truly,

Jeffery N. Luthi
Clerk of the Panel

By /s/ Mecca S. Thompson
Mecca S. Thompson
Deputy Clerk

Enclosures

cc: Clerk, United States District Court
    for the District of Delaware



**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

AUG 2 0 2007

FILED
CLERK'S OFFICE

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: BRIMONIDINE PATENT LITIGATION
    Allergan, Inc. v. Exela Pharmsci, Inc., et al.,
        C.D. California, C.A. No. 2:07-1967
    Allergan, Inc. v. Apotex, Inc., et al.,
        D. Delaware, C.A. No. 1:07-278 GMS

MDL No. 1866

FILED
AUG 2 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### TRANSFER ORDER

**Before the entire Panel**[*]: Common plaintiff Allergan, Inc., has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of two actions pending in the Central District of California and the District of Delaware, respectively. Responding defendants[1] oppose centralization.

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve common factual allegations concerning validity and enforceability of five of plaintiff's patents used in making drugs for the treatment of glaucoma. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

Defendants base a significant part of their opposition to centralization on their concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. Transfer under Section 1407 will have the salutary effect of assigning the present actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. Indeed, actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407. *See, e.g., In re Metoprolol Succinate Patent Litigation,* 329 F.Supp.2d 1368 (J.P.M.L. 2004) (ordering transfer

---

[*]    Judge Scirica took no part in the disposition of this matter.

[1]    Exela Pharmsci, Inc., Exela Pharm Sci Pvt., Ltd., Paddock Laboratories, Inc., PharmaForce, Inc., Apotex, Inc., and Apotex Corp.

- 2 -

under Section 1407 of two actions in which the patentholder alleged infringement of two complex pharmaceutical patents).

We conclude that the District of Delaware is an appropriate transferee forum in this docket. An earlier action involving this same plaintiff and two of the same five patents was brought in that district in 2004. That action, which was overseen by the Honorable Gregory M. Sleet, was actively litigated and remained pending until early 2006, when a settlement was reached on the eve of trial.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the one action pending in the Central District of California is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |