IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>BRIMONIDINE PATENT LITIGATION | MDL Docket No. 07-md-01866 GMS |

**EXELA DEFENDANTS' OBJECTIONS AND RESPONSES TO
ALLERGAN, INC.'S NOTICES OF DEPOSITIONS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rules of Civil Procedure 26 and 30, defendants Exela PharmSci, Inc., Exela Pharm Sci Pvt., Ltd., Paddock Laboratories, Inc., and PharmaForce, Inc. (collectively "the Exela Defendants") jointly make the following objections and responses to plaintiff Allergan, Inc.'s ("Allergan") 30(b)(6) Notices of Depositions served on each of the above-referenced Exela Defendants.

**THE EXELA DEFENDANTS' GENRAL OBJECTIONS TO
ALLERGAN'S RULE 30(b)(6) NOTICE**

The Exela Defendants make the following General Objections to Allergan's Rule 30(b)(6) Notices ("General Objections"), which General Objections are hereby incorporated by reference and made part of their response to each subject-matter category set forth in Allergan's Rule 30(b)(6) Notices:

1.      The Exela Defendants object to the time and place of the depositions specified in Allergan's Rule 30(b)(6) Notices. The Exela Defendants will make any designated witness(es) available at a time and location mutually agreed upon by the parties subject to all General and Specific Objections for each subject-matter category unless the Exela Defendants respond that it does not believe it is necessary to produce a witness or witnesses.

2.      The Exela Defendants object to Allergan's Rule 30(b)(6) Notices to the extent that Allergan's Rule 30(b)(6) Notice and noticed subject-matter categories are inconsistent with

the Federal Rules, the Court's Scheduling Order, the Court's Local Rules, or agreements of counsel.

3. The Exela Defendant objects to any deposition subject-matter category to the extent that it seeks information or identification of information that is protected by any form of recognized privilege, including but not limited to the attorney-client and work-product privileges. Nothing in these objections is intended to be, or in any way shall be deemed, a waiver of an available privilege or immunity.

4. The Exela Defendants object to any deposition subject-matter category the extent that it seeks information that is not relevant to any claim, defense or counterclaim in the underlying action and that is not reasonably calculated to lead to the discovery of admissible evidence.

5. The Exela Defendants object to any deposition subject-matter category to the extent that it seeks information or identification of information that does not exist, is not known to the Exela Defendants, is not reasonably available to the Exela Defendants, is not within the custody or control of the Exela Defendants, or is known by or available from a third party.

6. The Exela Defendants object to any deposition subject-matter category to the extent that it seeks information or identification of information that is already known or available to Allergan, or within the custody or control of Allergan.

7. The Exela Defendants object to each deposition subject-matter category to the extent it seeks discovery that is duplicative of other discovery taken in this case, or calls for discovery that would be more easily obtained through other less burdensome means (e.g., interrogatories).

8. The Exela Defendants object to each deposition subject-matter category to the extent that it seeks information, identification of information, or documents and things that are equally available to Allergan through public sources or records on grounds that such requests subject it to unreasonable and undue oppression, burden and expense.

9. The Exela Defendants object to each deposition subject-matter category to the extent it calls for a witness to testify as to a legal conclusion.

## THE EXELA DEFENDANTS' SPECIFIC OBJECTIONS AND RESPONSES TO ALLERGAN'S RULE 30(b)(6) NOTICE

**TOPIC NO. 1:**

Defendant's organizational structure.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 1:**

The Exela Defendants incorporate their general objections.

**TOPIC NO. 2:**

Defendant's corporate structure.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 2:**

The Exela Defendants incorporate their general objections.

**TOPIC NO. 3:**

Defendant's relationship to and interactions with the other defendants in this lawsuit.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 3:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category to the extent it seeks to uncover

confidential information regarding the Exela Defendants' business strategy that is not relevant to this lawsuit.

**TOPIC NO. 4:**

Defendant's role in the development of the proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 4:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 5:**

The formulation of Defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 5:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion.

**TOPIC NO. 6:**

The development of Defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 6:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 7:**

The intended use of Defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 7:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion.

**TOPIC NO. 8:**

All testing of Defendant's proposed brimonidine product, or any formulations employed in the development of Defendant's proposed brimonidine product, or any components of Defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 8:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 9:**

Defendant's ANDA No. 78-590.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 9:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the

extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants will produce a witness or witnesses on the regulatory approval status and content of its ANDA and any amendments or supplements thereto.

**TOPIC NO. 10:**

Defendant's interactions with the FDA regarding Defendant's proposed brimonidine product, ANDA No. 78-590 and/or Allergan's ALPHAGAN 0.15% product, including all communications with the FDA regarding ANDA No. 78-590 and/or Allergan's ALPHAGAN P 0.15% product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 10:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants will produce a witness or witnesses on the regulatory approval status and content of its ANDA and any amendments or supplements thereto.

**TOPIC NO. 11:**

Any Clinical Trials for ANDA No. 78-590 or defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 11:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 12:**

Any Bioequivalence and/or bioavailability Testing for ANDA No. 78-590 or defendant's proposed brimonidine product.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 12:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion.

**TOPIC NO. 13:**

The alleged therapeutic equivalence of defendant's proposed brimonidine product to Allergan's ALPHAGAN P 0.15%.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 13:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion.

**TOPIC NO. 14:**

Each ingredient in Defendant's proposed brimonidine product, its function(s) in the formulation and the reasons(s) why such ingredient included in the formulation.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 14:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants

object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion. The Exela Defendants object to this subject-matter category because Allergan bears the burden of proof on infringement issues and, through this subject-matter category, Allergan improperly attempts to shift that burden to the Exela Defendants.

**TOPIC NO. 15:**

All testing of Allergan's ALPHAGAN products.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 15:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, irrelevant, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter

category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion. The Exela Defendants object because the information sought is more conveniently available from some other source—e.g., Allergan. The Exela Defendants will produce a witness or witnesses on the testing of Allergan's ALPHAGAN P 0.15% product.

**TOPIC NO. 16:**

The differences between Defendant's proposed brimonidine product and Allergan's ALPHAGAN P .15%.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 16:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this

subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to the extent this subject-matter category calls for an expert's analysis and/or opinion. The Exela Defendants object because the information sought is more conveniently available from some other source—e.g., Allergan. The Exela Defendants object to this subject-matter category to the extent it calls for a legal conclusion or position. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 739959, at *3-4 (E.D. Pa. Mar. 23, 2004) (noting that contention interrogatories "are a more appropriate method of discovery for this purpose"). The Exela Defendants object to this subject-matter category because Allergan bears the burden of proof on infringement issues and, through this subject-matter category, Allergan improperly attempts to shift that burden to the Exela Defendants.

**TOPIC NO. 17:**

When Defendant became aware of U.S. Patent No. 6,641,834 ("the '834 patent").

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 17:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to

this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 18:**

Defendant's knowledge of the '834 patent.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 18:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories.

**TOPIC NO. 19:**

Defendant's experience with and/or knowledge of the ophthalmic industry.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 19:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6).

**TOPIC NO. 20:**

Defendant's business reasons for developing and filing ANDA No. 78-590.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 20:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, of any other applicable privilege or immunity. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela

Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to this subject-matter category to the extent it seeks to uncover confidential information regarding the Exela Defendants' business strategy that is not relevant to this lawsuit.

**TOPIC NO. 21:**

Defendant's interactions with doctors and/or healthcare professionals with regard to the proposed brimonidine product or potential brimonidine based ophthalmic products.

**RESPONSE TO SUBJECT-MATTER CATEGORY NO. 21:**

The Exela Defendants incorporate their general objections. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. The Exela Defendants object to this subject-matter category on the grounds that it seeks discovery that is overly broad, unduly burdensome, irrelevant and cumulative of other discovery requests which the Exela Defendants have responded or will respond. The Exela Defendants object to this subject-matter category on the grounds that it does not describe with reasonable particularly the matters for examination as required by Rule 30(b)(6). The Exela Defendants object to this subject-matter category to the extent that it is duplicative of documents produced by the Exela Defendants, other testimony provided by the Exela Defendants, and/or seeks information that is duplicative of Allergan's interrogatories. The Exela Defendants object to this subject-matter category to the extent it seeks to uncover confidential information regarding the Exela Defendants' business strategy that is not relevant to this lawsuit. The Exela Defendants will produce a witness or witnesses on their interactions with doctors and/or healthcare professionals with regard to their brimonidine product according to ANDA No. 78-590.

*Kelly E. Farnan* (signature)

Frederick L. Cottrell III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton and Finger, P.A.
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, Delaware 19801
Tel.: (302) 651-7700
Fax: (302) 651-7701


FROMMER LAWRENCE & HAUG LLP

Daniel G. Brown
Arthur L. Hoag
Barry S. White
David A. Zwally
Omar Jabri
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500
bwhite@flhlaw.com
dbrown@flhlaw.com
ahoag@flhlaw.com
dzwally@flhlaw.com
ojabri@flhlaw.com


*Attorneys for Defendants*
*Exela PharmSci, Inc.*
*Exela Pharm Sci, Pvt. Ltd.,*
*Paddock Laboratories, Inc.,*
*and PharmaForce, Inc.*


Dated: May 27, 2008

RLF1-3286978-1    00548088

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses and in the manner indicated below:

**E-MAIL AND HAND DELIVERY**

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, Delaware 19899-1114

Richard L. Horwitz
Potter, Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza
Wilmington, Delaware 19899-0951

I further certify that on May 27, 2008, the foregoing document was sent to the following non-registered participants in the manner indicated:

**E-MAIL**

Juanita R. Brooks
Fish & Richardson
12390 El Camino Real
San Diego, CA 92130-2081

Robert B. Breisblatt
Katten Muchin Rosenmann LLP
525 West Monroe Street
Chicago, IL 60601-3693

William C. Shear
Fish & Richardson
1717 Main Street, Suite 5000
Dallas, TX 75201

Jonathan E. Singer
Michael J. Kane
Fish & Richardson
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402

Kelly E. Farnan (#4395)

RLF1-3277327-1