## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: BRIMONIDINE PATENT LITIGATION | ) ) ) ) ) | C.A. No. 07-MD-01866-GMS |

### NOTICE OF SUBPOENAS *DUCES TECUM*

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants Apotex Inc. and Apotex Corp., have served or will serve the attached

subpoenas *duces tecum* (Exhibits A and B) on Fellers, Snider, Blankenship, Bailey & Tippens

and Stout, Uxa, Buyan & Mullins LLP, respectively.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert B. Breisblatt
Joanna R. Stevason
Jeremy C. Daniel
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Tel: (312) 902-5480


Dated: August 25, 2008
879876 / 31920 (MDL)

By:  /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

WESTERN     DISTRICT OF     OKLAHOMA

In Re: Brimonidine Patent Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-md-01866 GMS

currently pending in U.S. District Court for the District of Delaware

TO: Fellers, Snider, Blankenship, Bailey & Tippens
Chase Tower
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Fred A. Leibrock, Phillips McFall McCaffrey McVay & Murrah, P.C., Corporate Tower, 13th Floor, 101 N. Robinson, Oklahoma City, OK 73102 | 08/28/2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant       Joanna Stevason | 08/20/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joanna Stevason
Katten Muchin Rosenman LLP, 525 W. Monroe St., Chicago, IL 60661, (312) 902-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                        SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### Definitions and Instructions

1.  **'078 Patent.** The term " '078 Patent" means U.S. Patent No. 5,424,078.

2.  **'640 Application.** The term " '640 Application" means U.S. Patent Application No. 694,640 filed May 2, 1991.

3.  **'791 Application.** The term " '791 Application" means U.S. Patent Application No. 277,791 filed Nov. 29, 1988.

4.  **'790 Application.** The term " '790 Application" means U.S. Patent Application No. 277,790 filed on Nov. 29, 1988.

5.  **'126 PCT Application.** The term " '126 PCT Application" means PCT Application No. WO 90/06126 filed Nov. 22, 1989 and published on June 14, 1990.

6.  **Allergan.**    The term "Allergan" refers to Allergan, Inc. and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '078 Patent, the '791 Application, and/or the '640 Application.

7.  **Bio-Cide.**    The term "Bio-Cide" refers to Bio-Cide International, Inc. and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '790 Application and/or the '126 PCT Application.

8.  **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9.  **Concern(s), Concerning, Concerned with, Relate(s) or Relating to.**  The terms "concern(s)", "concerning", "concerned with", "relate(s)", or "relating to" are used interchangeably and mean concerning, evidencing, pertaining to, referring to, mentioning, memorializing, commenting on, containing, identifying, connected with, contemplating, discussing, stating, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or being relevant to all or any portion of the specified fact, conditions, events, or incidents.

10. **Date.** The term "date" means the exact day, month, and year, if known or ascertainable; if the exact day, month, and year are not known or ascertainable, the most accurate temporal reference available.

11. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes and refers to the file or any container which once held any documents, as well as to any writing or printing which might appear on such file or container.

12. **Inventor(s).** The term "inventor" or "inventors" means the named inventor(s) of the '078 Patent, the '640 Application, the '791 Application, the '790 Application, the '126 PCT Application, Anthony J. Dziabo, Paul S. Ripley, Bobby C. Danner, and/or Persons with a past or present ownership interest in the '790 Application, the '126 PCT Application and/or the application which matured into the '078 patent and/or the '078

2

patent itself, including, without limitation, Allergan and/or Bio-Cide and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them.

13.    **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association, and any functional division thereof.

14.    **You.** The term "you" or "your" refers to Fellers, Snider, Blankenship, Bailey & Tippens, P.C., and any past or present employees, agents, representatives, or attorneys with knowledge, possession, custody or control of any documents relating to the '078 Patent, the '791 Application, the '640 Application, the '790 Application, and/or the '126 PCT Application.

15.    The following **rules of construction** apply to these document requests, definitions, and instructions:

    (a)    **All/Each/Any.** The terms "all", "each", and "any" shall be construed as inclusive and synonymous and are as inclusive in scope as permitted by the Federal Rules of Civil Procedure.

    (b)    **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

    (c)    **Number.** The use of the singular form of any word includes the plural and vice versa.

3

(d) **Independence.** Except as otherwise expressly directed herein, each paragraph and subparagraph of a document request shall be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the document request being responded to.

16. Each request to produce documents shall be construed to request documents within your possession, custody, or control. Separately, for each Request, if any document responsive to that Request once was in your possession, custody, or control but has been lost, discarded, destroyed, or is otherwise presently not within your possession, custody, or control:

(a) identify the unavailable document;

(b) identify any and all persons who lost, discarded, or destroyed the document or caused the document to become otherwise unavailable;

(c) identify any and all persons likely to have knowledge concerning the circumstances by which the document was lost, discarded, destroyed, or otherwise became unavailable; and

(d) identify any and all persons likely to have knowledge concerning the contents of the document that was lost, discarded, destroyed, or otherwise became unavailable.

17. When producing documents, you should organize and label them to correspond with the numbered categories in this request and where applicable, the order and organization of documents within each category should reflect the manner in which such documents are maintained in the usual course of business.

4

18.    Please produce all documents maintained or stored electronically in native, electronic format with all relevant metadata intact and in appropriate useable manner. Encrypted or password protected documents should be produced in a form permitting them to be reviewed.

19.    If you find the meaning of any terms in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

20.    If you object to any request or part of any request, the reason(s) for the objection shall be stated in full. If an objection is made to any request, production should be made of all documents or things to which the objection does not relate.

21.    If you withhold any information, document, or thing otherwise discoverable under the Federal Rules of Civil Procedure on the basis of privilege and/or the work product doctrine, the following information is requested:

(a)    the privilege and/or work product rule of law being relied upon;

(b)    the date the document was created;

(c)    the identity of the person or persons who created the information, document or thing;

(d)    the identity of the present custodian of the information, document or thing; and

(e)    the identity of any and all persons to whom the information, document, or thing was or has been sent, distributed, forwarded, copied, told, or communicated in any manner, stating the job title and/or position of that person;

(f)    the subject matter of the information, document or thing; and

(g)    the location of the information, document or thing.

## DOCUMENT REQUESTS

### A.    The '078 Patent

1.    All documents concerning the '078 Patent in your possession, custody, or control.

2.    All documents contained in any file relating to the '078 Patent.

3.    All documents and communications that refer or relate to the preparation and/or prosecution of the '078 Patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '078 Patent (including the '791 and '640 Applications) and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

    (a)    all documents that provided the bases for any of said applications or proceedings;

    (b)    all disclosures of the subject matter of any of said applications or proceedings;

    (c)    all communications between the alleged inventor(s) and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

    (d)    all documents referring or relating to any information used or supplied by the alleged Inventors in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

    (e)    all drafts of any of said applications or proceedings;

    (f)    all patents, publications, references, or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of

6

unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)     all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references, co-pending applications, and/or prior art to the PTO or other patent office or patent authority in connections with said applications or proceedings; and

(h)     all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

4.     All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '078 patent, including, without limitation,

(a)     all documents and communications concerning any commercial success of products covered by the '078 patent and any asserted nexus with the claimed invention;

(b)     all documents and communications concerning any long-felt need in the art that was satisfied by the invention in the '078 Patent;

(c)     all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '078 Patent;

(d)     all documents and communications concerning whether others have copied the invention claimed in the '078 Patent;

(e)     all documents and communications concerning alleged superior, surprising or unexpected results achieved by the invention claimed in the '078 Patent; and

7

(f)    all documents and communications concerning whether others have accepted licenses under the patent in suit.

5.    All documents and communications concerning whether or not the claimed invention was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invention by the inventors named on the '078 Patent.

6.    All documents and communications concerning any proposal, consideration, or decision by Allergan and/or BioCide to draft and/or file foreign patent applications that correspond, in whole or in part, to the subject matter described or claimed as the invention in the '078 Patent.

7.    All documents and communications concerning the alleged conception, reduction to practice, and development of the alleged invention claimed by the '078 Patent, including without limitation:

(a)    all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '078 Patent;

(b)    all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '078 Patent; and

(c)    all documents concerning, created by, or created under the direction of the alleged Inventor of the '078 Patent, concerning the subject matter of the '078 Patent.

8.    All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity, release, option, or interest in, to or under the '078 Patent, including all documents concerning why an agreement was not consummated (if not consummated), whether any

agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '078 Patent or any foreign counterparts.

9.   All documents and communications or opinions concerning the value, strategic or pecuniary, of the '078 Patent, any foreign counterparts and commercial embodiments of the alleged invention of the '078 Patent or counterparts, including documents concerning the developmental prospects for ophthalmic products, annual marketing reports, actual and estimated sales figures, and the like.

10.  All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '078 Patent.

11.  All documents concerning or relating to the receipt and/or transfer of any files relating to the '078 Patent.

### B.   The '790 Application and the '126 PCT Application

12.  All documents concerning the '790 Application and the '126 PCT Application in your possession, custody, or control.

13.  All documents contained in any file relating to the '790 Application and the '126 PCT Application.

14.  All documents and communications that refer or relate to the preparation and/or prosecution of the '790 Application and/or the '126 PCT Application and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, the '790 Application and/or the '126 PCT Application and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

9

(a)   all documents that provided the bases for any of said applications or proceedings;

(b)   all disclosures of the subject matter of any of said applications or proceedings;

(c)   all communications between the alleged inventor(s) and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d)   all documents referring or relating to any information used or supplied by the alleged Inventors in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

(e)   all drafts of any of said applications or proceedings;

(f)   all patents, publications, references, or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)   all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references, co-pending applications, and/or prior art to the PTO or other patent office or patent authority in connections with said applications or proceedings; and

(h)   all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

10

15.   All documents and communications concerning whether or not the invention disclosed and/or claimed in the '790 Application and/or the '126 PCT Application was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invention by the inventor(s) named on the '790 Application and/or '126 PCT Application.

16.   All documents and communications concerning any proposal, consideration, or decision by Bio-Cide and/or Allergan to draft and/or file foreign patent applications that correspond, in whole or in part, to the subject matter disclosed or claimed as the invention in the '790 Application and/or the '126 PCT Application.

17.   All documents and communications concerning the alleged conception, reduction to practice, and development of the alleged invention disclosed and/or claimed by the '790 Application and/or the '126 PCT Application, including without limitation:

   (a)   all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '790 Application and/or the '126 PCT Application;

   (b)   all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '790 Application and/or the '126 PCT Application; and

   (c)   all documents concerning, created by, or created under the direction of the alleged Inventor(s) of the '790 Application and/or the '126 PCT Applicaiton, concerning the subject matter of the '790 Application and/or the '126 PCT Application.

18.   All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity,

11

release, option, or interest in, to or under the '790 Application and/or the '126 PCT Application, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '790 Application and/or the '126 PCT Application or any foreign counterpart applications and/or patents.

19.    All documents and communications or opinions concerning the value, strategic or pecuniary, of the '790 Application and/or the '126 PCT Application, any foreign counterparts and commercial embodiments of the alleged invention of the '790 Application and/or the '126 PCT Application or counterpart applications and/or patents, including documents concerning the developmental prospects for ophthalmic products, annual marketing reports, actual and estimated sales figures, and the like.

20.    All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '790 Application and/or the '126 PCT Application.

21.    All documents concerning or relating to the receipt and/or transfer of any files relating to the '790 Application and/or the '126 PCT Application.

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Central _____ DISTRICT OF _____ California

In Re: Brimonidine Patent Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-md-01866 GMS

Currently pending in U.S. District
Court for the District of Delaware

TO:   Stout, Uxa, Buyan & Mullins LLP
      4 Venture
      Irvine, CA 92618-3320

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Schedule A

| PLACE   Angela I. Rochester, Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012 | DATE AND TIME  9/2/2008 5:00 pm |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Defendant | DATE   8/22/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joanna R. Stevason
Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661  (312) 902-5200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### Definitions and Instructions

1.  **'078 Patent.** The term " '078 Patent" means U.S. Patent No. 5,424,078.

2.  **'640 Application.** The term " '640 Application" means U.S. Patent Application No. 694,640 filed May 2, 1991.

3.  **'791 Application.** The term " '791 Application" means U.S. Patent Application No. 277,791 filed Nov. 29, 1988.

4.  **'790 Application.** The term " '790 Application" means U.S. Patent Application No. 277,790 filed on Nov. 29, 1988.

5.  **'126 PCT Application.** The term " '126 PCT Application" means PCT Application No. WO 90/06126 filed Nov. 22, 1989 and published on June 14, 1990.

6.  **Allergan.** The term "Allergan" refers to Allergan, Inc. and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '078 Patent, the '791 Application, and/or the '640 Application.

7.  **Bio-Cide.** The term "Bio-Cide" refers to Bio-Cide International, Inc. and any related entities, partners, corporate parents, subsidiaries, affiliates, as well as any of their present or former officers, directors, employees, agents, representatives, attorneys and persons acting or purporting to act on their behalf. Where applicable, this definition shall include all persons having a former or current ownership interest in the '790 Application and/or the '126 PCT Application.

8. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

9. **Concern(s), Concerning, Concerned with, Relate(s) or Relating to.** The terms "concern(s)", "concerning", "concerned with", "relate(s)", or "relating to" are used interchangeably and mean concerning, evidencing, pertaining to, referring to, mentioning, memorializing, commenting on, containing, identifying, connected with, contemplating, discussing, stating, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or being relevant to all or any portion of the specified fact, conditions, events, or incidents.

10. **Date.** The term "date" means the exact day, month, and year, if known or ascertainable; if the exact day, month, and year are not known or ascertainable, the most accurate temporal reference available.

11. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes and refers to the file or any container which once held any documents, as well as to any writing or printing which might appear on such file or container.

12. **Inventor(s).** The term "inventor" or "inventors" means the named inventor(s) of the '078 Patent, the '640 Application, the '791 Application, the '790 Application, the '126 PCT Application, Anthony J. Dziabo, Paul S. Ripley, Bobby C. Danner, and/or Persons with a past or present ownership interest in the '790 Application, the '126 PCT Application and/or the application which matured into the '078 patent and/or the '078

2

patent itself, including, without limitation, Allergan and/or Bio-Cide and (i) all their predecessors-in-interest and successors-in-interest; (ii) all past or present corporate parents, subsidiaries, affiliates divisions, officers, directors, employees, agents, consultants, investigators, attorneys, and representatives; (iii) any other person acting on their behalf or on whose behalf they have acted  or are acting; or (iv) any other person or entity otherwise subject to their control or which controls or controlled them.

13.    **Person.**  The term "person" is defined as any natural person or any business, legal or governmental entity or association, and any functional division thereof.

14.    **You.**  The term "you" or "your" refers to Stout, Uxa, Buyan & Mullins LLP and any past or present employees, agents, representatives, or attorneys with knowledge, possession, custody or control of any documents relating to the '078 Patent, the '791 Application, the '640 Application, the '790 Application, and/or the '126 PCT Application.

15.    The following **rules of construction** apply to these document requests, definitions, and instructions:

(a)    **All/Each/Any.**  The terms "all", "each", and "any" shall be construed as inclusive and synonymous and are as inclusive in scope as permitted by the Federal Rules of Civil Procedure.

(b)    **And/Or.**  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

(c)    **Number.**  The use of the singular form of any word includes the plural and vice versa.

3

(d)     **Independence.** Except as otherwise expressly directed herein, each paragraph and subparagraph of a document request shall be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the document request being responded to.

16.     Each request to produce documents shall be construed to request documents within your possession, custody, or control. Separately, for each Request, if any document responsive to that Request once was in your possession, custody, or control but has been lost, discarded, destroyed, or is otherwise presently not within your possession, custody, or control:

(a)     identify the unavailable document;

(b)     identify any and all persons who lost, discarded, or destroyed the document or caused the document to become otherwise unavailable;

(c)     identify any and all persons likely to have knowledge concerning the circumstances by which the document was lost, discarded, destroyed, or otherwise became unavailable; and

(d)     identify any and all persons likely to have knowledge concerning the contents of the document that was lost, discarded, destroyed, or otherwise became unavailable.

17.     When producing documents, you should organize and label them to correspond with the numbered categories in this request and where applicable, the order and organization of documents within each category should reflect the manner in which such documents are maintained in the usual course of business.

4

18.   Please produce all documents maintained or stored electronically in native, electronic format with all relevant metadata intact and in appropriate useable manner. Encrypted or password protected documents should be produced in a form permitting them to be reviewed.

19.   If you find the meaning of any terms in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

20.   If you object to any request or part of any request, the reason(s) for the objection shall be stated in full. If an objection is made to any request, production should be made of all documents or things to which the objection does not relate.

21.   If you withhold any information, document, or thing otherwise discoverable under the Federal Rules of Civil Procedure on the basis of privilege and/or the work product doctrine, the following information is requested:

   (a)   the privilege and/or work product rule of law being relied upon;

   (b)   the date the document was created;

   (c)   the identity of the person or persons who created the information, document or thing;

   (d)   the identity of the present custodian of the information, document or thing; and

   (e)   the identity of any and all persons to whom the information, document, or thing was or has been sent, distributed, forwarded, copied, told, or communicated in any manner, stating the job title and/or position of that person;

   (f)   the subject matter of the information, document or thing; and

   (g)   the location of the information, document or thing.

5

## DOCUMENT REQUESTS

### A.    The '078 Patent

1.    All documents concerning the '078 Patent in your possession, custody, or control.

2.    All documents contained in any file relating to the '078 Patent.

3.    All documents and communications that refer or relate to the preparation and/or prosecution of the '078 Patent and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, any of the applications in the family of patent application leading to the '078 Patent (including the '791 and '640 Applications) and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

(a)    all documents that provided the bases for any of said applications or proceedings;

(b)    all disclosures of the subject matter of any of said applications or proceedings;

(c)    all communications between the alleged inventor(s) and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d)    all documents referring or relating to any information used or supplied by the alleged Inventors in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

(e)    all drafts of any of said applications or proceedings;

(f)    all patents, publications, references, or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of

6

unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)    all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references, co-pending applications, and/or prior art to the PTO or other patent office or patent authority in connections with said applications or proceedings; and

(h)    all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

4.    All documents and communications concerning secondary factors or objective indicia of non-obviousness with regard to the '078 patent, including, without limitation,

(a)    all documents and communications concerning any commercial success of products covered by the '078 patent and any asserted nexus with the claimed invention;

(b)    all documents and communications concerning any long-felt need in the art that was satisfied by the invention in the '078 Patent;

(c)    all documents and communications concerning whether or not others had tried, but failed to solve the problem solved by the invention claimed in the '078 Patent;

(d)    all documents and communications concerning whether others have copied the invention claimed in the '078 Patent;

(e)    all documents and communications concerning alleged superior, surprising or unexpected results achieved by the invention claimed in the '078 Patent; and

7

(f)     all documents and communications concerning whether others have accepted
        licenses under the patent in suit.

5.    All documents and communications concerning whether or not the claimed invention was
      invented independently by other persons, regardless of whether or not such invention was
      before, during, or after the alleged invention by the inventors named on the '078 Patent.

6.    All documents and communications concerning any proposal, consideration, or decision
      by Allergan and/or BioCide to draft and/or file foreign patent applications that
      correspond, in whole or in part, to the subject matter described or claimed as the
      invention in the '078 Patent.

7.    All documents and communications concerning the alleged conception, reduction to
      practice, and development of the alleged invention claimed by the '078 Patent, including
      without limitation:

      (a)     all documents concerning any research, development, testing (both animal and
              human), and/or refinement of the subject matter of the '078 Patent;

      (b)     all documents referring or relating to the conception and/or reduction to practice
              of the alleged invention of the '078 Patent; and

      (c)     all documents concerning, created by, or created under the direction of the alleged
              Inventor of the '078 Patent, concerning the subject matter of the '078 Patent.

8.    All documents and communications concerning any request, offer, acquisition or denial
      of any right (including any forbearance to assert a right), license, agreement, immunity,
      release, option, or interest in, to or under the '078 Patent, including all documents
      concerning why an agreement was not consummated (if not consummated), whether any

8

agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '078 Patent or any foreign counterparts.

9.     All documents and communications or opinions concerning the value, strategic or pecuniary, of the '078 Patent, any foreign counterparts and commercial embodiments of the alleged invention of the '078 Patent or counterparts, including documents concerning the developmental prospects for ophthalmic products, annual marketing reports, actual and estimated sales figures, and the like.

10.    All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '078 Patent.

11.    All documents concerning or relating to the receipt and/or transfer of any files relating to the '078 Patent.

### B.    The '790 Application and the '126 PCT Application

12.    All documents concerning the '790 Application and the '126 PCT Application in your possession, custody, or control.

13.    All documents contained in any file relating to the '790 Application and the '126 PCT Application.

14.    All documents and communications that refer or relate to the preparation and/or prosecution of the '790 Application and/or the '126 PCT Application and/or any U.S. applications or foreign applications that constitute or are based in whole or in part on, or which claim priority from, or are the basis of priority for, the '790 Application and/or the '126 PCT Application and any related opposition, re-examination, and/or reissue proceedings, including, without limitation:

9

(a)    all documents that provided the bases for any of said applications or proceedings;

(b)    all disclosures of the subject matter of any of said applications or proceedings;

(c)    all communications between the alleged inventor(s) and his patent attorney(s) or agent(s) concerning the subject matter described or claimed in any of said applications or proceedings;

(d)    all documents referring or relating to any information used or supplied by the alleged Inventors in connection with the preparation or prosecution of any of said applications or proceedings including invention disclosures prepared by or for the inventor;

(e)    all drafts of any of said applications or proceedings;

(f)    all patents, publications, references, or prior art, and all records or documents referring or relating to any prior art or possible prior art, and all records or documents referring or relating to any prior art or any possible ground of unpatentability and/or invalidity, submitted, cited, discussed or considered in connection with any of said applications or proceedings;

(g)    all documents referring or relating to the citation of, decision not to cite, or failure to cite, any references, co-pending applications, and/or prior art to the PTO or other patent office or patent authority in connections with said applications or proceedings; and

(h)    all copies (including drafts) of responses to Office Actions, amendments, affidavits, declarations and other communications or submissions of any kind with or to the PTO or other patent office, or patent authority with respect to any of said applications or proceedings.

10

15.    All documents and communications concerning whether or not the invention disclosed and/or claimed in the '790 Application and/or the '126 PCT Application was invented independently by other persons, regardless of whether or not such invention was before, during, or after the alleged invention by the inventor(s) named on the '790 Application and/or '126 PCT Application.

16.    All documents and communications concerning any proposal, consideration, or decision by Bio-Cide and/or Allergan to draft and/or file foreign patent applications that correspond, in whole or in part, to the subject matter disclosed or claimed as the invention in the '790 Application and/or the '126 PCT Application.

17.    All documents and communications concerning the alleged conception, reduction to practice, and development of the alleged invention disclosed and/or claimed by the '790 Application and/or the '126 PCT Application, including without limitation:

(a)    all documents concerning any research, development, testing (both animal and human), and/or refinement of the subject matter of the '790 Application and/or the '126 PCT Application;

(b)    all documents referring or relating to the conception and/or reduction to practice of the alleged invention of the '790 Application and/or the '126 PCT Application; and

(c)    all documents concerning, created by, or created under the direction of the alleged Inventor(s) of the '790 Application and/or the '126 PCT Applicaiton, concerning the subject matter of the '790 Application and/or the '126 PCT Application.

18.    All documents and communications concerning any request, offer, acquisition or denial of any right (including any forbearance to assert a right), license, agreement, immunity,

11

release, option, or interest in, to or under the '790 Application and/or the '126 PCT Application, including all documents concerning why an agreement was not consummated (if not consummated), whether any agreement has been terminated, and any documents relating to the transfer and/or assignment of rights under the '790 Application and/or the '126 PCT Application or any foreign counterpart applications and/or patents.

19.    All documents and communications or opinions concerning the value, strategic or pecuniary, of the '790 Application and/or the '126 PCT Application, any foreign counterparts and commercial embodiments of the alleged invention of the '790 Application and/or the '126 PCT Application or counterpart applications and/or patents, including documents concerning the developmental prospects for ophthalmic products, annual marketing reports, actual and estimated sales figures, and the like.

20.    All documents concerning and/or identified by any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation or opinion concerning any of the subject matter disclosed and/or claimed in the '790 Application and/or the '126 PCT Application.

21.    All documents concerning or relating to the receipt and/or transfer of any files relating to the '790 Application and/or the '126 PCT Application.

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 25, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 25, 2008, the attached document was Electronically Mailed to the following person(s):

Frederick L. Cottrell III
Kelly E. Farnan
Richards Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, Delaware  19899
cottrell@rlf.com
Farnan@rlf.com

William J. Marsden, Jr.
Susan M. Coletti
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899
marsden@fr.com
coletti@fr.com

William Chad Shear
Fish and Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
czs@fr.com

Juanita Brooks
Joseph P. Reid
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
brooks@fr.com
reid@fr.com

Barry S. White
Daniel G. Brown
David A. Zwally
Brian J. Malkin
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151
bwhite@flhlaw.com
dbrown@flhlaw.com
dzwally@flhlaw.com
bmalkin@flhlaw.com

Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
Fish & Richardson P.C.
300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402
singer@fr.com
kane@fr.com
reichel@fr.com

Steven C. Carlson
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
steven.carlson@fr.com

Sharon E. Crane
Erin M. Dunston
Krista Leigh Lynch
Bingham McCutchen LLP
2020 K. Street NW
Washington, DC  20006-1806
sharon.crane@bingham.com
erin.dunston@bingham.com
krista.lynch@bingham.com

I further certify that on August 25, 2008, the attached document was sent via First Class

Mail to the following person(s):

Jeffrey N. Luthi
Clerk, MDL Judicial Panel
One Columbus Circle, N.E.
Room G-255, Feder Judiciary Bldg.
Washington, DC  20002-8004

By:  /s/ David E. Moore
　　　Richard L. Horwitz
　　　David E. Moore
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　Wilmington, Delaware 19899-0951
　　　(302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com

834839 / 31920 / MDL

2