## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: BRIMONIDINE PATENT LITIGATION | )<br>)<br>)   C.A. No. 07-MD-01866-GMS<br>)<br>) |

## STIPULATED AMENDED PROTECTIVE ORDER

Plaintiff Allergan, Inc. (hereinafter "Allergan"), Defendants Apotex, Inc. and Apotex Corp. (hereinafter collectively "Apotex"), and Defendants Exela PharmSci, Inc., Exela Pharm Sci Pvt., Ltd., Paddock Laboratories, Inc., and PharmaForce, Inc. (hereinafter collectively "Exela"), assert that they possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this litigation. The parties recognize that it may be necessary to disclose certain of the designated confidential information during the course of this litigation. As a result, the parties agree that such information can only be used for the prosecution and defense of this action, and must not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided for in this Protective Order ("Order"). However, nothing in this Order precludes any party from approaching the Court to seek leave from this Order to, among other things, communicate with the U.S. Food & Drug Administration (the "FDA") regarding issues of safety or efficacy that may come to their attention through their review of confidential information.

In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Order.

1.    DEFINITIONS

(a)    *Discovery Material*: The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example: exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

(b)    *Document*: The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, electronically stored information, including information stored on magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "writings" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

(c)    *"Highly Confidential" Information or Items*: These terms shall mean information (regardless of how generated, stored, or maintained) or tangible things that include, but is not limited to, trade secrets or other confidential research, development, commercial, proprietary, non-public, technical, business, financial, Patent Prosecution, sensitive, or private information that a Producing Party believes in good faith can be disclosed to select employees or agents of a Receiving Party (as described in paragraph 5(a) below) solely for purposes of this Litigation without substantial risk of harm to the Producing Party, but which must be protected from

widespread dissemination or disclosure to non-parties. This term includes extremely sensitive confidential information that a Producing Party believes in good faith: (i) creates a substantial risk of harm to the Producing Party if disclosed to select employees or agents of a Receiving Party (as described in paragraph 5(a) below); (ii) is necessary to protect the privacy interests of an individual; or (iii) is subject to an express obligation of confidentiality owed by the Producing Party to a third-party.

(d)     *In-House Counsel*: The term "In-House Counsel" refers to attorneys who are employees of a Party.

(e)     *Litigation*:    The term "Litigation" refers to the consolidated action *In re: Brimonidine Patent Litigation*, MDL No. 1866 (D. Del.).  This includes: *Allergan, Inc. v. Exela PharmSci, Inc., et al.*, No. 07-1967 (C.D. Cal. filed Mar. 26, 2007) (MR); *Allergan, Inc. v. Apotex, Inc., et al.*, No. 07-278 (D. Del. filed May 21, 2007) (GMS); and any future Tag-Along Actions coordinated or consolidated in the above-referenced MDL.

(f)     *Outside Counsel*: The term "Outside Counsel" will mean attorneys of the law firms Richards, Layton & Finger, P.A., Frommer Lawrence & Haug LLP, Bingham McCutchen LLP, Potter Anderson & Corroon LLP, Katten Muchin Rosenman LLP, and Fish & Richardson who are not employees of a Party but who are retained to represent or advise a Party in this Litigation; and any such law firms retained to represent third parties.

(g)     *Party*: The terms "Party" and "Parties" shall mean any party to this Litigation, including all of its officers, directors, employees, consultants, agents, retained experts, and Outside Counsel (and their support staff).

(h)     *Patent Applications Relating To Any Brimonidine-Related Product(s)*: The term "Patent Applications Relating To Any Brimonidine-Related Product(s)" shall mean any product,

process, method-of-use or method-of-manufacture patent applications concerning any topical brimonidine formulations (or any brimonidine active pharmaceutical ingredient that may be used in such formulations), but shall exclude any patent applications relating solely to topical formulations of brimonidine in combination with one or more additional active ingredients. This definition of Patent Applications Relating To Any Brimonidine-Related Product(s) is for the purposes of this Protective Order only, and the parties have agreed that it shall not be used for any other purpose in this Litigation, including but not limited to, its use in discovery, at trial, or otherwise.

(i)    *Patent Prosecution*: This term shall refer to a person having: (i) any involvement with the drafting, filing, amending, or prosecuting of any patent applications; (ii) having any involvement with strategic counseling, planning or analysis with respect to any patent applications; or (iii) sending, soliciting, or intentionally receiving any communications with respect to any patent applications.

(j)    *Producing Party*: The term "Producing Party" shall mean any Party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material.

(k)    *Protected Material*: The term "Protected Material" shall mean any disclosure or Discovery Material that is designated as HIGHLY CONFIDENTIAL.

(l)    *Receiving Party*: The term "Receiving Party" shall mean any Party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this action.

(m)    *Scope*: The scope of this Order shall be understood to encompass not only Protected Material, which is expressly designated as HIGHLY CONFIDENTIAL, but also any

4

information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations that reveal all or part of that information.

      (n)    *Tag-Along Action*: The term Tag-Along Action refers to a future civil action that is transferred or consolidated under 28 U.S.C § 1407 with this MDL proceeding.

2.      PROCEDURE FOR MARKING PROTECTED MATERIAL

      Marking material as HIGHLY CONFIDENTIAL shall be made by the Producing Party in the following manner:

      (a)    In the case of Documents or any other tangible thing produced, designation shall be made by placing the legend "HIGHLY CONFIDENTIAL" on each page of the Document or on the cover or in a prominent place on any other tangible thing before production of the Document or tangible thing;

      (b)    In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all Documents produced shall be considered as marked HIGHLY CONFIDENTIAL. Thereafter, upon selection of specified Documents for copying by the Receiving Party, the Producing Party shall mark as "HIGHLY CONFIDENTIAL" the copies of such Documents as may contain Protected Material at the time the copies are produced to the Receiving Party; and

      (c)    In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either: (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked with the appropriate legend "HIGHLY CONFIDENTIAL" by the reporter, or (ii) by

captioned, written notice to the reporter and Outside Counsel, given within thirty (30) business days after the reporter sends written notice to the deponent or the deponent's Outside Counsel that the transcript is available for review, in which case all Outside Counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the thirty (30) business days, all Parties and, if applicable, any third-party witnesses or Outside Counsel, shall treat the deposition transcript as if it had been designated HIGHLY CONFIDENTIAL. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of HIGHLY CONFIDENTIAL material under the terms of this Order or the Parties agree to such persons attendance.

3.    CONTESTING THE DESIGNATION

(a)    No Party to this Litigation shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)    Any Party may contest a claim of confidentiality. Any Party objecting to the designation of any Protected Material must give Outside Counsel for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, i.e., the

RLF1-3312740-1

Producing Party, but information designated as HIGHLY CONFIDENTIAL shall be deemed as such until the matter is resolved.

4.      RESTRICTION ON DISCLOSURE AND USE

(a)      *Basic Principles*:  All Protected Material must be used solely for this Litigation and the preparation and trial in this Litigation, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, Patent Prosecution,  acquisition, or any communication with any regulatory agency including, but not limited to, the FDA, or any business or competitive purpose or function.  Protected Material must not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.  In the event that any Party desires to use Protected Material in communications with any regulatory agency (e.g., the FDA), that Party must first obtain a modification of this Stipulated Protective Order authorizing such use.  A Producing Party is free to do whatever it desires with its own Protected Material.

(b)      *Confidentiality.*  Protected Material and the information derived from such Protected Material (excluding information that is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

(c)      *Maintenance of Protected Material.*  Protected Material designated as such shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(d)    A Producing Party is free to do whatever it desires with its own Protected Material.

5.    ACCESS TO PROTECTED MATERIAL

(a)    *Disclosure of "HIGHLY CONFIDENTIAL" Information or Items*:    Unless otherwise ordered by the Court or permitted in writing by the designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to:

(i)    the Receiving Party's Outside Counsel in this Litigation, including Outside Counsel's support staff such as paralegals, technology specialists, and secretaries; however, any Outside Counsel having any involvement in Patent Prosecution of Patent Applications Relating To Any Brimonidine-Related Product(s) for the duration of, and one year following completion of this Litigation (including appeals), shall not be provided access to Protected Materials;

(ii)    no more than four In-House Counsel from each side, subject to approval by the other Parties and who are identified below and have signed the Acknowledgement And Agreement to Be Bound, attached hereto as Exhibit B.    Any In-House Counsel having any involvement in Patent Prosecution of Patent Applications Relating To Any Brimonidine-Related Product(s) for the duration of, and one year following completion of this Litigation (including appeals), shall not be provided access to Protected Materials.    The designated In-House Counsel for each side are:

(1)    Douglas Ingram, Martin Voet, and William Scarff for Allergan;

(2)    Shashank Upadhye for Apotex;

(3)    No designated In-House Counsel for Exela at this time.

8

In-House Counsel may disclose any information regulated under this provision to their paralegals and secretaries, to whom disclosure is reasonably necessary for this Litigation. Protected Material designated as such shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

In the event In-House Counsel identified above is no longer employed by a Receiving Party or is otherwise unavailable, a Receiving Party may, with ten (10) business days notice to all Parties, identify another In-House Counsel the Receiving Party would like to have access to HIGHLY CONFIDENTIAL information under this paragraph and provide the new In-House Counsel's signed Acknowledgement And Agreement To Be Bound (Exhibit B) at the time of the notice. If an objection is raised in the ten (10) business-day period, the Receiving Party may seek relief from the Court.

     (iii)    experts or consultants of the Receiving Party who have been approved in accordance with paragraph 6 below, and their administrative support staff if any, to whom disclosure is reasonably necessary for this Litigation;

     (iv)    the Court and its personnel;

     (v)    court reporters, their staffs, and professional vendors such as graphics services or jury consultants to whom disclosure is reasonably necessary for this Litigation and who have signed the Acknowledgement And AgreementTo Be Bound, attached hereto as Exhibit A. Jury research participants hired by jury consultants may be told or shown Protected Material or information provided: (1) they are not affiliated with any Producing Party or its direct competitor; (2) are not themselves given custody of any copies, summaries, or excerpts of

Protected Material or permitted to remove any notes taken during the exercise from the research facility; and (3) agree in writing to be bound by confidentiality;

(vi)    the following persons, but only during their depositions or testimony at trial: (1) a current or former officer, director, or employee of the Producing Party or original source of the information: (2) any person selected by a Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (3) a current or former officer, director, employee or 30(b)(6) designee of Allergan, but only as to Documents produced by the named inventor or previous owner(s) of the patents-in-suit; and (4) witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the Acknowledgement And Agreement To Be Bound (Exhibit A). Persons authorized to view Protected Material under this sub-paragraph (vi) must not retain or be given copies of any Protected Material;

(vii)    a person who appears on the face of the Document to be the author, addressee, or recipient of the Document or the original source of the information. Persons authorized to view Protected Material under this sub-paragraph (vii) must not retain or be given copies of any Protected Materials; and

(viii)    persons who have been retained by a Party to provide translation or interpretation from one language to another.

6.    CONDITIONS ON ACCESS TO PROTECTED MATERIAL

(a)    *Consultants and Experts.* Before a Receiving Party gives, shows, discloses, makes available or communicates Protected Material to any expert or consultant under paragraph 5(a)(iii), the Party shall:

(i)     Serve written notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer, and position (along with a job description).   The most recent curriculum vitae or resume of the expert or consultant shall be provided under this section.

(ii)     Include with such notice, a copy of the Acknowledgment And Agreement To Be Bound, (Exhibit A), signed by the expert or consultant and including all the information to be completed therein.

(iii)     The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment And Agreement To Be Bound by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material.

(iv)     If the Parties are unable to agree on the disclosure to the expert or consultant, the Party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection.   The burden of establishing the validity of such written objections rests with the objecting Party.   If the objecting Party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(v)     No disclosure of the Protected Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

11

(vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

(b)    *Authorization and Acknowledgment.* Each person to whom Protected Material is to be given, shown, disclosed, made available, or communicated in any way in accordance with this Protective Order, (excluding Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Litigation is pending, and qualified court reporters), shall first execute an Acknowledgment And Agreement To Be Bound in substantially the form shown in Exhibit A or Exhibit B, as set forth more fully in paragraph 5 above. Outside Counsel for the Receiving Party shall keep in his or her files an original of each such executed Acknowledgment And Agreement To Be Bound until sixty (60) calendar days after the final termination of this Litigation. Upon final termination of this Litigation and at the written request of the Producing Party, all such executed agreements shall be provided to Outside Counsel for the Producing Party.

7.    PROCEDURES FOR FILING PAPERS WITH PROTECTED MATERIAL

Protected Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)    Without written permission from the designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record any

Protected Material in this Litigation. A Party that seeks to file under seal any Protected Material during this Litigation must comply with D. Del. L.R. 5.1.3.

8.    REDACTED FILINGS OF PAPERS WITH PROTECTED MATERIAL.

Redacted versions of papers with Protected Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that D. Del. L.R. 5.1.3 and any other appropriate local rules are followed; and:

(a)    All Protected Material set forth in the papers is deleted or obscured and all Protected Material is removed as exhibits; and

(b)    Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

9.    UNINTENTIONAL FAILURE TO DESIGNATE

If, through inadvertence, a Producing Party provides any Protected Material pursuant to this Litigation without designating and marking the Protected Material as HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party shall treat the disclosed Protected Material as HIGHLY CONFIDENTIAL upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not already disclosed this Protected Material. Disclosure of such Protected Material to persons not authorized to receive that material before receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the

13

categorical designation, the Receiving Party will take the steps necessary to conform distribution

to the categorical designation, i.e., by retrieving all copies of the Protected Material, or notes or

extracts thereof, in the possession of the persons not authorized under this Order to possess such

Protected Material and advising the person to whom disclosure was made that the material is

confidential and should be treated as provided in the Order.


10.     UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

        Outside Counsel shall exert their best efforts to identify Documents or material protected

by the attorney-client privilege or the work product doctrine before the disclosure of any such

Documents or material.  If such information is produced, however, the Parties further agree that

such production shall not be deemed to constitute a waiver of any applicable privilege or

immunity.  The Parties further agree that a Party that unintentionally discloses Documents or

material that is subject to a claim of attorney-client privilege or work product protection shall,

within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in

writing, request the Documents or material be returned, and attach a privilege log entry

pertaining to the Documents or material that is privileged or otherwise immune from discovery.

If that request is made and the privilege log provided, no Party to this action shall thereafter

assert that the unintentional disclosure waived any privilege or immunity.  The cost, if any, for

excising such Documents or materials by the Receiving Party shall be borne by the Producing

Party. If any Document is used in a deposition or hearing, or is otherwise specifically identified

in an interrogatory response, in motion papers, or in a pretrial order, the Producing Party will

waive any privilege or immunity as to that Document unless the Producing Party makes a claim

of inadvertent production under this paragraph within fifteen (15) business days after such use or identification of the Document.

11.     INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or lawfully becomes known to the Receiving Party or lawfully comes into the possession of or otherwise lawfully becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

12.     RESPONSIBILITY OF ATTORNEYS

Outside Counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Protected Material under paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.  No person shall duplicate any Protected Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by Counsel, experts, or consultants approved under paragraphs 5 and 6 for use as working copies. All copies, extracts, and translations must be appropriately marked and are subject to paragraph 13 of this Order.

RLF1-3312740-1

13.     FINAL DISPOSITION

Upon termination, settlement, or final judgment of this Litigation including exhaustion of all appeals, the originals and all copies of Protected Material shall be either destroyed or turned over to the Producing Party, or to their respective Outside Counsel, within sixty (60) calendar days. Outside Counsel, however, may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

If Protected Material is destroyed pursuant to this paragraph, Outside Counsel for the Receiving Party shall provide to Outside Counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Protected Material produced hereunder shall continue to be binding after the conclusion of this Litigation.

14.     NO LIMITATION OF OTHER RIGHTS

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

15.     RELEASE FROM OR MODIFICATION OF THIS ORDER

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures

beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

16.    DISCOVERY FROM THIRD PARTIES

If discovery is sought of a person not a Party to this action ("third-party") requiring disclosure of such third-party's Protected Material, the Protected Material disclosed by any such third-party will be accorded the same protection as the Parties' Protected Material, and will be subject to the same procedures as those governing disclosure of the Parties' Protected Material pursuant to this Order.

Information designated as Protected Material and produced by the Parties or by third parties in other lawsuits involving one or more of the U.S. Patents at issue in the present lawsuit will be accorded the same protection as the Parties' Protected Material, and will be subject to the same procedures as those governing disclosure of the Parties' Protected Material pursuant to this Order.

17.    ADMISSIBILITY

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any Document, testimony, or other matter at any Court proceeding related to this mater.   The marking of Protected Material pursuant to this Order shall not, for that reason alone, bar its introduction or use at any Court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through

the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of the Protected Material.

18.    NON-PARTY SUBPOENA OF PROTECTED MATERIAL

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Protected Material, that Receiving Party shall give written notice to Outside Counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Protected Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Protected Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Protected Material is produced to the non-party, such material shall be treated as Protected Material pursuant to this Order.

19.    UNINTENTIONAL DISCLOSURE OF PROTECTED MATERIAL

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or Party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also: (a) promptly inform such person of all the provisions of this Order; (b) identify such person in writing immediately to the Producing Party; and (c) request such person to execute the Acknowledgment And Agreement To Be Bound (Exhibit A or B, as appropriate), which shall be

decided at the Producing Party's sole discretion, and then forward said executed acknowledgement to the Producing Party; and (d) if such person refuses to execute the appropriate acknowledgement, the Receiving Party must use its best efforts to retrieve all copies of the Protected Material disclosed.

20.    COUNSEL'S RIGHT TO PROVIDE ADVICE

Nothing in this Order shall bar or otherwise restrict Counsel herein from rendering advice to its party/client with respect to this Litigation, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the Party/client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

21.    EFFECTIVE DATE

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed HIGHLY CONFIDENTIAL unless and until they are redesignated by the Producing Party or by further order of the Court.

22.    TERMINATION

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

Dated: August 27, 2008

OF COUNSEL:

Jonathan E. Singer
Michael J. Kane
Deanna J. Reichel
FISH & RICHARDSON P.C.
300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070

Juanita Brooks
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070

William Chad Shear
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

FISH & RICHARDSON P.C.


By: _/s/ Susan M. Coletti_____
     William J. Marsden, Jr. (#2247)
     Susan M. Coletti (#4690)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE 19899
     Tel: (302) 652-5070
     marsden@fr.com
     coletti@fr.com

*Attorneys for Plaintiff*
*Allergan Inc.*

OF COUNSEL:

Robert B. Breisblatt
Joanna R. Stevason
Jeremy C. Daniel
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Tel: (312) 902-5480

POTTER ANDERSON & CORROON LLP


By: _/s/ David E. Moore_____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE 19899
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*Apotex Inc. and Apotex Corp.*

OF COUNSEL:                          RICHARDS LAYTON & FINGER

David A. Zwally              By:  */s/ Kelly E. Farnan*
Brian J. Malkin                     Frederick L. Cottrell III (#2555)
FROMMER LAWRENCE & HAUG LLP         Kelly E. Farnan (#4395)
745 Fifth Avenue                    One Rodney Square
New York, NY  10151                 920 North King Street
Tel:  (212) 588-0800                P.O. Box 551
                                    Wilmington, DE  19899
                                    Tel:  (302) 651-7700
                                    cottrell@rlf.com
                                    farnan@rlf.com

                                    *Attorneys for Defendants*
                                    *Paddock Laboratories Inc. and Pharmaforce*
                                    *Inc.*


OF COUNSEL:                          RICHARDS LAYTON & FINGER

David A. Zwally              By:  */s/ Kelly E. Farnan*
Brian J. Malkin                     Frederick L. Cottrell III (#2555)
FROMMER LAWRENCE & HAUG LLP         Kelly E. Farnan (#4395)
745 Fifth Avenue                    One Rodney Square
New York, NY  10151                 920 North King Street
Tel:  (212) 588-0800                P.O. Box 551
                                    Wilmington, DE  19899
                                    Tel:  (302) 651-7700
B. Jefferson Boggs, Jr.             cottrell@rlf.com
Sharon E. Crane                     farnan@rlf.com
Susan Baker Manning
Erin M. Dunston                     *Attorneys for Defendants*
Krista Leigh Lynch                  *Exela PharmSci Inc. and Exela Pharm Sci*
Bingham McCutchen LLP               *Pvt. Ltd.*
2020 K Street NW
Washington, DC 20006


          IT IS SO ORDERED this _____ day of _____, 2008.


                          _____
                                Chief Judge Gregory M. Sleet

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of
_____ [print or type full address], declare
under penalty of perjury that I have read in its entirety and understand the Stipulated Protective
Order that was issued by the United States District Court for the District of Delaware in *In Re:*
*Brimonidine Patent Litigation*, MDL No. 1866. I agree to comply with and to be bound by all
the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so
comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge
that I cannot use any of the information that is the subject of this Stipulated Protective Order for
any other purpose except this Litigation. I further solemnly promise that I will not disclose in
any manner any information or item that is subject to this Stipulated Protective Order to any
person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,
even if such enforcement proceedings occur after termination of this Litigation.

I hereby appoint _____ [print or type full name] of
_____
_____

_____ [print or type full address and telephone number] as my
Delaware agent for service of process in connection with this Litigation or any proceedings
related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of
_____ [print or type full address], declare
under penalty of perjury that I have read in its entirety and understand the Stipulated Protective
Order that was issued by the United States District Court for the District of Delaware in *In Re:
Brimonidine Patent Litigation*, MDL No. 1866. I agree to comply with and to be bound by all
the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so
comply could expose me to liability or punishment in the nature of contempt, which liability I
recognize would constitute irreparable harm. I solemnly promise that I will not disclose in any
manner any information or item that is subject to this Stipulated Protective Order to any person
or entity except in strict compliance with the provisions of this Order.

I further declare that I am not a competitive decision-maker at _____ with respect to
brimonidine-related products because I: (1) do not play a role in _____'s decisions on
pricing, sales, design, or development of its brimonidine-related products; and (2) will not have
any involvement in Patent Prosecution (as defined in paragraph 1(i) of the Stipulated Protective
Order) of Patent Applications Relating To Any Brimonidine-Related Product(s) (as defined in
paragraph 1(h) of the Stipulated Protective Order) for the duration of, and one year following
completion of this Litigation; and (3) will not have any involvement in any communication with
any regulatory agency, including but not limited to the FDA, for the duration of this Litigation
regarding: (i) Apotex's brimondine products described in ANDA Nos. 78-479 and 78-480; or
(ii) Exela's brimonidine products described in ANDA No. 75-590; except and unless the Court
authorizes such involvement.

I further agree to submit to the jurisdiction of the United States District Court for the
District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,
even if such enforcement proceedings occur after termination of this Litigation.

I hereby appoint _____ [print or type full name] of
_____

_____

_____ [print or type full address and telephone number] as my
Delaware agent for service of process in connection with this Litigation or any proceedings
related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____