IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| BRIMONIDINE PATENT LITIGATION ) | MDL Docket No. 07-md-01866 GMS |
| ) | |

### NOTICE OF 30(B)(6) DEPOSITION OF ALLERGAN, INC.

**PLEASE TAKE NOTICE** that commencing at 9:00 AM on September 26, 2008, Defendants Exela PharmSci, Inc. and Exela Pharm Sci Pvt. Ltd. ("Exela") will take the deposition upon oral examination of Plaintiff Allergan, Inc. ("Allergan") at the offices of BINGHAM MCCUTCHEN, LLP, 2020 K Street, N.W., Washington, D.C. 20006. The deposition will be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before an officer authorized to administer oaths and will continue from day to day until completed, Saturdays, Sundays, and legal holidays excepted. The deposition will be recorded by stenographic means through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States. This deposition may be videotaped.

**PLEASE TAKE FURTHER NOTICE** that because the deponent is not a natural person, Allergan shall designate to testify one or more of its officers, directors, managing agents, employees, or other persons who have consented to testify on its behalf, who shall have knowledge of and who are capable and competent to testify regarding the categories identified in ATTACHMENT A.

**PLEASE TAKE FURTHER NOTICE** that deponent shall notify Exela's counsel not later than 10 days prior to the deposition date of the need for an interpreter to translate the deposition questions and answers, and the specific language or dialect for which the interpreter is required.

You are invited to attend and examine the witness.

OF COUNSEL:
B. Jefferson Boggs, Jr.
Sharon E. Crane
Susan Baker Manning
Erin M. Dunston
Krista Leigh Lynch
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006

David A. Zwally
Brian J. Malkin
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
(212) 588-0800

Dated: August 29, 2008

/s/ Kelly E. Farnan
Frederick L. Cottrell III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendants Exela PharmSci, Inc.*
*Exela Pharm Sci, Pvt. Ltd.,*

2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on counsel of record at the addresses and in the manner indicated below:

**VIA HAND DELIVERY**

William J. Marsden, Jr.
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19801

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza
Wilmington, DE  19801

**VIA E-MAIL**

Juanita R. Brooks
Fish & Richardson
12390 El Camino Real
San Diego, CA  92130

Jonathan E. Singer
Michael J. Kane
Fish & Richardson
60 South Sixth Street, Suite 3300
Minneapolis, MN  55402

W. Chad Shear
Fish & Richardson
1717 Main Street, Suite 5000
Dallas, TX  75201

Robert B. Breisblatt
Katten Muchin Rosenmann LLP
525 West Monroe Street
Chicago, IL  60601-3693

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
farnan@rlf.com

RLF1-3277327-1

## ATTACHMENT A

### DEFINITIONS

As used herein, the terms below shall have the following meanings:

A. **"Agreement"** means any and all contracts, promises, compacts, undertakings, commitments, obligations, pledges, covenants, stipulations, arrangements, and understandings, of any kind, whether written, oral, or tacit.

B. **"Documents"** and **"Things"** shall have the broadest meaning ascribed to them by the Federal Rules of Evidence, Federal Rules of Civil Procedural, and applicable case law. These terms shall include, but are not limited to, electronic files, correspondence, memoranda, printed matter, reports, records, notes, calendars, diaries, telegrams, telexes, studies, market surveys, market research, tabulations, contracts, invoices, receipts, vouchers, registrations, books of account or financial records, notes, advertisements, trademark search reports, directories, publications, computer tapes and printouts, microfilms and the like, electronic mail messages, and photographs. A draft or non-identical copy is a separate document within the meaning of this term.

C. **"Communication"** or **"Communications"** means any type of oral, written, magnetic, electronic, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

D. **"Exela"** or **"Defendant"** means Defendant Exela PharmSci, Inc., Exela Pharm Sci Pvt. Ltd., and any corporate predecessor, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

E. **"FDA"** means the United States Food and Drug Administration.

F. **"You," "Your," "Allergan," or "Plaintiff"** means Plaintiff Allergan, Inc., any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting or purporting to act on its behalf or under its control.

G. **"Refer," "relate" or "relating," "regarding," "concerning," "reflecting" or "containing"** shall mean directly or indirectly, in whole or in part, referring to, constituting, evidencing or referring to, relating to, connected with, commenting on, discussing, impacting upon, affecting, responding to, providing explaining, showing, indicating, describing, analyzing, reflecting or constituting.

H. **"Person"** means any natural person, corporation, partnership, company, joint venture, trust, agency, governmental agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or entity. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

I. **"Employee"** shall mean any person who performs services for plaintiff or any parent, division, department, or subsidiary, or other entity in any way affiliated with plaintiff, including, but not limited to, part-time, hourly, independent contractors, temporary workers, or any other person who receives any financial benefit from plaintiff, including commissioned salespeople or other agents or brokers.

J. **"Identify,"** when used in reference to an individual, means to state that person's full name, present address, present telephone number (if known), present or last known position and business affiliation.

K. **"Identify," "identification,"** or **"describe"** when used in reference to documents means to state the following as to each such document: (a) the nature and contents; (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the author or signer; (e) the name, address, and position of the addressee, if any; (f) the present location and the name, present address, and position of the person or persons having present custody; and (g) whether the document has been destroyed, and if so, with regard to such destruction, the date, the reason, and the identity of the person or persons who destroyed the document.

L. **"Date"** means the exact date, month, and year, if ascertainable; if not, your best approximation, which may include relationships to other events.

M. **"The '078 patent"** refers to U.S. Patent No. 5,424,078.

N. **"The '873 patent"** refers to U.S. Patent No. 6,562,873.

O. **"The '210 patent"** refers to U.S. Patent No. 6,627,210.

P. **"The '834 patent"** refers to U.S. Patent No. 6,641,834.

Q. **"The '337 patent"** refers to U.S. Patent No. 6,673,337.

R. As used herein, the singular shall include the plural and vice versa. Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive so as to bring within the scope of a request all information that might otherwise be construed to be outside of its scope. The terms "any" and "all" shall mean "any and all." The term "including" shall mean "including without limitation." The masculine, feminine or neuter pronoun shall not exclude other genders; and verb tenses include the past, present, and future.

**DEPOSITION TOPICS**

1. Allergan's corporate structure.

2. Allergan's Complaint against Exela, including the basis of its claims that Exela has infringed the '834 patent.

3. Allergan's denial of Defendants' counterclaims that the '078, '873, '210, '834, and '337 patents are not infringed and invalid.

4. Allergan's bases for alleging that Exela has infringed the '078, '873, '210, and '337 patents.

5. Allergan's responses to Exela's Interrogatories and Requests for the Production of Documents and Things to Allergan, including documents produced or identified in response to the foregoing.

6. The product upon which Allergan's claim that Exela has infringed the '078, '873, '210, '834, and '337 patents and the manner in which Allergan alleges this product infringes the claims or practices the invention described in the '078, '873, '210, '834, and '337 patents.

7. Allergan's evidence that the product referred to in Topic 6 infringes the '078, '873, '210, '834, and '337 patents.

8. Any tests, analyses, or evaluations of the product referred to in Topic 6.

9. The preparation, filing, and prosecution of: the applications which led to the issuance of the '078, '873, '210, '834, and '337 patents; any patent applications related to the '078, '873, '210, '834, and '337 patents; and any patent applications concerning brimonidine or the subject matter of this litigation, including any pending application, continuation, continuation-in-part, or divisional thereof, including, but not limited to, applications claiming priority from U.S. Provisional Patent Applications Serial Nos. 60/218,200, filed July 14, 2000, and 60/218,206,

filed July 14, 2000, and U.S. Patent Applications Serial Nos. 07/277,791, filed November 29, 1988, and 08/496,262, filed June 28, 1995.

10. The preparation, filing, and prosecution of any foreign counterparts to the patents and applications listed in Topic 9, or concerning brimonidine or the subject matter of this investigation, including pending and abandoned patent applications.

11. The '078, '873, '210, '834, and '337 patents and any patent applications assigned to Allergan related to the '078, '873, '210, '834, and '337 patents, including but not limited to the patents and applications listed in Topic 9, or concerning brimonidine or the subject matter of this litigation, including any abandoned or pending application, continuation, continuation-in-part, or divisional thereof, and including any research and experimentation conducted in connection with the same, as well as all documents, persons, and dates relating thereto.

12. Any foreign counterparts to the '078, '873, '210, '834, and '337 patents, or any foreign patent applications related to the '078, '873, '210, '834, and '337 patents or concerning brimonidine or the subject matter of this investigation that are assigned to Allergan, including abandoned or pending patent applications, and research or experimentation conducted in connection with the same, as well as, documents, persons and dates relating thereto.

13. The meaning of each term or limitation in each claim in the '078, '873, '210, '834, and '337 patents that is allegedly infringed by Exela, including all intrinsic evidence that Allergan contends supports its interpretation and, if Allergan contends that extrinsic evidence is required to interpret a claim term or element, all extrinsic evidence that Allergan contends supports its interpretation of the claim term or element.

14. The conception and reduction to practice of the invention claimed in the '078, '873, '210, '834, and '337 patents, including the relevant documents, persons, and dates.

15. The date on which the subject matter claimed in the '078, '873, '210, '834, and '337 patents was first offered for sale, first sold, first used in public, first used by someone other than the named inventors, first disclosed to someone other than one of the named inventors, first published, or otherwise publicly disclosed.

16. The inventorship of the '078, '873, '210, '834, and '337 patents.

17. The ownership, assignment, and licensing of the '078, '873, '210, '834 and '337 patents, as well as documents, persons, and dates relating thereto.

18. Prior art, potential prior art, and searches for prior art conducted in connection with the applications that led to the issuance of the '078, '873, '210, '834, and '337 patents, any continuation, continuation-in-part, divisional, or any foreign counterparts thereof or related thereto, including, but not limited, to the patents and applications listed in Topic 9, and Allergan's knowledge, review, or possession of the same.

19. Allergan's allegation, or evidence in support thereof, that all of the relevant prior art was disclosed during the prosecution of the patents and patent applications listed in Topic 9.

20. Any legal action concerning or involving the infringement, invalidity, enforceability, or extension of the '078, '873, '210, '834, and '337 patents, any foreign counterparts thereof, or the subject matter of this litigation, including but not limited to *Allergan, Inc. and Allergan Sales, LLC v. Alcon, Inc., Alcon Laboratories, Inc. and Alcon Research Ltd.*, Civil Action No. 04-968-GMS (D. Del.).

21. All opinions, reports, studies, analyses, or search results, written or oral, obtained by Allergan, on its behalf, or at its request referring or relating to the validity, enforceability, or infringement of the '078, '873, '210, '834, and '337 patents, including any generated through Allergan's evaluation of the inventions claimed in the '078, '873, '210, '834, and '337 patents.

22. Allergan's patent department, including its evaluation of the '078, '873, '210, '834, and '337 patents.

23. Allergan's contentions regarding any alleged objective indicia of non-obviousness of the inventions claimed in the '078, '873, '210, '834, and '337 patents.

24. The research and development, manufacture, production, and sales of all products manufactured or sold by Allergan which Allergan asserts embody any claim of the '078, '873, '210, '834, and '337 patents.

25. Allergan's communications with the FDA with respect to brimonidine and all brimonidine products manufactured by Allergan.

26. Allergan's New Drug Application for all brimonidine products.

27. Any discussions or submissions other than by Defendants regarding ANDA 78-590 (including, but not limited to, discussions with or submissions to the FDA).

28. All tests, trials, experiments, evaluations, and/or analyses, including their purpose, procedures and results, relating to:

    a. stabilized chlorine dioxide in ophthalmic solutions;

    b. brimonidine, brimonidine products and formulations containing brimonidine, including, but not limited to, brimonidine in ophthalmic solutions (including, but not limited to, brimonidine's solubility over a range of pH of 5 to 10, at various concentrations of brimonidine and with various concentrations [or absence] of solubility enhancing components, as well as its therapeutic efficacy) conducted by Allergan or on behalf of Allergan;

    c. NDA No. 21-262;

    d. AGM 191103; and

    e. the studies reported in Katz (2002) J. Glaucoma 11(2):119-125.

29. The formulation of Allergan's brimonidine products.

30. Allergan's document retention policy.

31. The search for and collection of documents requested by Exela in this litigation.

32. The factual and legal bases for Allergan's assertion that ANDA 78-590 is fatally flawed or otherwise defective.